NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5854 |
| Plaintiff - Appellee, | D.C. No. 2:19-cr-00674-JLS-1 |
| v. | |
| AZAT LEVON MNATSAKANYAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted September 17, 2025**
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.

Azat Mnatsakanyan appeals the district court's revocation of his supervised

release and sentence to a further custodial term and supervised release thereafter.

He alleges violations of his rights under the Fifth Amendment and of 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 4241(a). Mnatsakanyan has not demonstrated either that his due process rights were violated when the district court permitted him to waive his right to an evidentiary hearing and accepted his admissions, or that it plainly erred by not *sua sponte* ordering a hearing on his competence. We have jurisdiction under 8 U.S.C. § 1291, and we affirm.

In 2019, Mnatsakanyan pled guilty to two counts of bank fraud. The district court sentenced him to a 31-month custodial term and a 5-year supervised release period. Since his sentencing, Mnatsakanyan has violated the conditions of his supervised release twice, in 2021 and again in 2023. This appeal concerns the revocation proceedings for the second set of violations.

We apply de novo review to whether a waiver made during probation revocation proceedings was voluntary and clear error review to the district court's determination that the waiver was knowing and intelligent. *United States v. Stocks*, 104 F.3d 308, 312 (9th Cir. 1997). We review for plain error the district court's decision to not *sua sponte* order a competency hearing. *United States v. Dreyer*, 705 F.3d 951, 957 (9th Cir. 2013).

Mnatsakanyan fails to establish that the district court violated his constitutional rights. The record here contained ample evidence that his waiver and admissions were given in compliance with due process. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). He was expressly advised of his rights when the proceeding

began and was represented by counsel with whom he had a lengthy conversation before the hearing. The district court directly inquired as to whether there was any reason he didn't understand the proceedings, and he cogently and coherently addressed the court. These inquiries meet the "limited requirement" outlined by *Boykin*. *United States v. Diaz-Ramirez*, 646 F.3d 653, 658 (9th Cir. 2011).

Mnatsakanyan did not demonstrate that the district court erred by failing *sua sponte* to order a hearing to examine his competence to proceed. Mnatsakanyan displayed an appropriate court demeanor, did not demonstrate irrational behavior, and failed to submit any medical evidence of incompetency. *See United States v. Marks*, 530 F.3d 799, 814 (9th Cir. 2008). A suicide attempt may be enough to establish doubt as to competency, but it does not necessarily do so. *See United States v. Loyola-Dominguez*, 125 F.3d 1315, 1319 (9th Cir. 1997). Proximity to the hearing date alone is not enough to meet the "substantial evidence" standard required by this Court. *Marks*, 530 F.3d at 814; *see also United States v. Mikhel*, 889 F.3d 1003, 1039 (9th Cir. 2018). There was no reason to require the district court to have proceeded differently.

**AFFIRMED.**

24-5854